UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

------------------------------------------------------------------------------x

**MAUREEN A. McGUIRE,**

                      **Plaintiff,**

         v.                                                      Civ. No. _____

**ARNE DUNCAN, in his official capacity as Secretary
of the U.S. Department of Education,**

                      **Defendant.**
------------------------------------------------------------------------------x

## COMPLAINT

Plaintiff MAUREEN A. McGUIRE brings this complaint against Defendant Arne Duncan, in his official capacity as Secretary of the U.S. Department of Education, seeking to overturn Defendant's decision to deny her application for a student loan discharge and alleges as follows:

### INTRODUCTION

1.     The Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 et seq. ("HEA"), mandates that the Secretary of Education grant discharges of student loans if the school attended by the student falsely certified that the student had the ability to benefit from program for which the student's loans were taken out. Ms. McGuire was approved for and took out student loans to attend an institution of higher education, despite not having a high school diploma or otherwise having the ability to benefit from her education as required by the HEA. She filed an application with Defendant for an ability-to-benefit false certification discharge and came forward with undisputed evidence that she met all of Defendant's requirements for the discharge. Acting

1

arbitrarily, capriciously and contrary to law, Defendant nevertheless denied her discharge. She requests that this Court reverse Defendant's decision and remand this case to Defendant with instructions that her application for the ability-to-benefit false certification discharge be granted and that all amounts she paid on the her student loans be refunded to her.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Ms. McGuire's claim based on a federal question under 28 U.S.C. § 1331 and under the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq. ("APA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

3. This action is authorized and instituted pursuant to the APA, 5 U.S.C. § 702, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

4. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. §1391(e)(1)(c) because Ms. McGuire resides in this judicial district.

## PARTIES

5. Plaintiff Maureen A. McGuire is a natural person who resides in St. Charles, Missouri.

6. Defendant Arne Duncan is the Secretary of the United States Department of Education. As such, he is responsible for the administration of federal student loan programs, including the Federal Family Education Loan ("FFEL") Program. He is sued in his official capacity. Suit against him in his official capacity is authorized by 20 U.S.C. § 1082(a)(2).

## STATUTORY SCHEME

7. The HEA requires Defendant to administer the FFEL Program, which includes what were formerly known as the Guaranteed Student Loan and Stafford Loan Programs.

8.      Under the FFEL Program, lenders make loans for "eligible borrowers" to attend "eligible" post-secondary educational institutions. State and private guaranty agencies insure the loans, and Defendant reinsures the agencies. 20 U.S.C. §§ 1071 et seq.

9.      Through the FFEL Program, a student may obtain a FFEL loan to attend an institution of higher education as defined by the HEA. 20 U.S.C. §§ 1002(a)(1), 1085(a).

10.     To qualify for a FFEL Program loan, a student must meet various requirements, including the ability-to-benefit requirement. The specific ability-to-benefit requirements have varied over the life of the FFEL Program. As relevant to the periods of enrollment for which Ms. McGuire received FFEL Program loans, to be considered to have the ability to benefit from the program of study, the student must have received a high school diploma or its recognized equivalent prior to enrollment at the school, achieved a passing grade on a standardized test approved by Defendant and administered substantially in accordance with the requirements for use of the test, or successfully completed a period of developmental or remedial education provided by the school. 20 USC § 1091, 34 CFR § 682.403(e)(13).

11.     An institution is liable to Defendant for FFEL Program funds disbursed to a student if, when applicable, the institution is unable to document that the student received a passing score on an approved ability-to-benefit test. 34 C.F.R. § 668.154(c).

12.     The HEA as amended and its implementing regulations provide that Defendant must discharge a student loan (including interest and collection fees) of a borrower who received a loan on or after January 1, 1986 if the student's eligibility to borrow was falsely certified by the school, including false certification of the student's ability to benefit from the educational program. 20 U.S.C. § 1087(c)(1).

13. Defendant's policy and procedure in evaluating applications for a false certification discharge based on inability to benefit has been set forth in several Dear Colleague and other letters issued by Defendant to guaranty agencies.

14. In DCL GEN-95-42 (Sept. 1995), Defendant directed that (a) the absence of any finding by an oversight agency that a school has engaged in improper ability-to-benefit certification practices raises an inference that no improper such practices were reported because none were taking place; and (b) a borrower's sworn statement that she was falsely certified is not alone sufficient to establish entitlement to a discharge if the assertion is not supported by some other evidence. A true and correct copy of this letter is attached to this Complaint as Exhibit A.

15. In FP-07-09 (Sept. 20, 2007), Defendant reiterated the policy and practice set forth in DCL GEN-95-42 that borrower-specific evidence, beyond her own assertions, that she was falsely certified as having the ability to benefit from the program may be used demonstrate that she qualified for a discharge. A true and correct copy of this letter is attached to this Complaint as Exhibit B.

16. Discharge of a FFEL Program loan under 20 U.S.C. § 1087(c) entitles the borrower to:

   a. repayment of the loan by Defendant, and relief from any existing or past obligation to repay the loan and any charge imposed or cost incurred with respect to the loan that the borrower is or was otherwise obligated to pay, 20 U.S.C. § 1087(c)(1);

   b. restoration of the borrower's eligibility to receive federal assistance under the HEA, 20 U.S.C. § 1087(c)(4); and

   c. correction of all adverse credit reports by reporting to all consumer reporting agencies, including credit bureaus, with respect to the loans discharged, 20 U.S.C. § 1087(c)(5).

4

17. The APA, 5 U.S.C. § 706(2)(A), specifically creates a cause of action to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law."

## FACTUAL ALLEGATIONS

18. Ms. McGuire attended Lutheran High School North in St. Louis, Missouri from 1977 through 1981.

19. Ms. McGuire never graduated from high school and never received a high school diploma.

20. Ms. McGuire never received the recognized equivalent of her high school diploma, such as a GED.

21. In 1988, Ms. McGuire applied for and enrolled in the University of Missouri – St. Louis ("UMSL"), which she attended through 1995.

22. Ms. McGuire's transcript from Lutheran High School North, which was provided to UMSL in June 1988, on its face states "diploma not granted."

23. With respect to her application for and enrollment at UMSL, Ms. McGuire was never given, let alone achieved a passing grade on, a standardized ability-to-benefit test approved by Defendant and administered substantially in accordance with the requirements for use of the test.

24. With respect to her application for and enrollment at UMSL, Ms. McGuire was never offered, enrolled in, or successfully completed a period of developmental or remedial education provided by the school.

25. Ms. McGuire's first FFEL Program student loan was disbursed on or about November 1, 1991 and was for the period of enrollment from on or about August 26, 1991 to on or about May 14, 1992.

5

26. Thereafter, Ms. McGuire received FFEL Program student loans until completing her studies at UMSL in May 1995.

27. Ms. McGuire graduated from UMSL in August 1995 with a B.S.B.A degree.

28. Ms. McGuire was disbursed a total of eight FFEL Program student loans for periods of enrollment at UMSL beginning with the August 26, 1991 period of enrollment. The last three digits of these loans as identified in Defendant's records are -101, -202, -303, -404, -505, -606, -707, and -808.

29. UMSL's authorized officer signed each such loan document certifying that Ms. McGuire was eligible for the loan program based on all applicable provisions of federal law.

30. On May 24, 2010, Ms. McGuire completed Defendant's Loan Discharge Application: False Certification (Ability to Benefit), which she filed with Defendant.

31. In her application, Ms. McGuire certified under oath that she did not have a high school diploma or GED at the time of her enrollment at UMSL.

32. In her application, Ms. McGuire certified under oath that she did not receive a GED before completing her program of study at UMSL.

33. In her application, Ms. McGuire certified under oath that, before she was admitted to UMSL, the school did not give her an entrance examination to test her ability to benefit from her program of study.

34. In her application, Ms. McGuire certified under oath that she did not complete a developmental or remedial program at UMSL.

35. Ms. McGuire repeated the above-described certifications in a second Loan Discharge Application: False Certification (Ability to Benefit) dated June 24, 2011 that she filed with Defendant.

36. As part of the process of false certification application, request for hearing, and administrative appeal process with Defendant, Ms. McGuire provided Defendant with a copy of her high school transcript and of her entire nine-page academic file with UMSL.

37. Ms. McGuire's high school transcript that she provided to Defendant in this administrative process on its face states "diploma not granted."

38. Ms. McGuire's nine-page academic file with UMSL that she provided to Defendant in this administrative process contain no indication or evidence that she was ever given, let alone achieved a passing grade on, a standardized ability-to-benefit test approved by Defendant and administered substantially in accordance with the requirements for use of the test.

39. Ms. McGuire's nine-page academic file with UMSL that she provided to Defendant in this administrative process contain no indication or evidence that she was ever offered, enrolled in, or successfully completed a period of developmental or remedial education provided by the school.

40. Defendant repeatedly denied Ms. McGuire's application for a false certification discharge during the administrative process, with a final administrative denial taking place by letter dated December 16, 2013.

41. Defendant has offered shifting rationales for its denials of her application for a false certification discharge.

42. By letter dated June 30, 2010, Defendant rationalized its denial of Ms. McGuire's application as follows:

> This office has reviewed information from entities responsible for overseeing the school's compliance with ability-to-benefit regulations, and has found no corroborating evidence of ability to benefit violations at the school during your time of enrollment, such as program deficiencies, which would have come to light during reviews and audits of the school. Not having a high school diploma or GED at the time of enrollment does not, by itself, qualify you for loan discharge.

7

A true and correct copy of this letter, with Ms. McGuire's street address and full loan numbers redacted, is attached to this Complaint as Exhibit C.

43.     This rationale misstates and misapplies Defendant's policy and procedure as set forth in DCL GEN-95-42 and FP-07-09. Under that policy and procedure, a lack of findings by an oversight agency of ability-to-benefit violations on the part of a school can by itself sustain a denial of an ability-to-benefit discharge application only where the borrower's only evidence of inability to benefit is her unsworn assertions and not where, as here, the borrower supports her inability to benefit with other corroborating evidence.

44.     By letter dated July 13, 2010, in response to Ms. McGuire's request for a hearing on her objection to offset of her tax refunds and other payments, Defendant rationalized its denial of Ms. McGuire's application for a false certification discharge as follows:

> When reviewing applications for loan discharge, the Department attempts to obtain copies of reviews and audits conducted by a public or private agency that reviewed or had oversight responsibility for the school's testing method. The Department has no documentation of any violations by the school. Therefore, we denied your application for loan discharge.

45.     For reasons stated in Paragraph 43 above, this rationale misstates and misapplies Defendant's policy and procedure as set forth in DCL GEN-95-42 and FP-07-09.

46.     By letters dated October 27, 2010, December 20, 2010, and September 12, 2011, Defendant repeated verbatim or in all material substance these rationales for its denial of Ms. McGuire's application for an ability-to-benefit false certification loan discharge.

47.     By letter dated September 12, 2011, Defendant first proffered the additional rationale for denial that:

> During the period you were enrolled, students who earned a GED or successfully completed a program of developmental or remedial education are considered to have demonstrated the ability to benefit from the education offered. You certified

8

   under penalty of perjury that you did not earn a GED while enrolled in the
   program at the school. **However, our records indicate that you graduated from**
   **the program on August 3, 1995. Therefore, the school did not falsely certify**
   **your eligibility.**

A true and correct copy of this letter, with Ms. McGuire's street address and full loan numbers redacted, is attached to this Complaint as Exhibit D.

48. Under the HEA and its implementing regulations, however, graduating from the program for which Ms. McGuire receiver her student loans, which was an undergraduate postsecondary education program for the completion of which she received a B.S.B.A. degree, does not as a matter of law constitute earning a GED or successfully completing a program of developmental or remedial education within the meaning of the HEA and its implementing regulations, including the ability-to-benefit false certification discharge regulation, 34 C.F.R. 682.402(e)(13).

49. By letter dated December 16, 2013, which Defendant characterized as his response to Ms. McGuire's request for reconsideration of his decision to deny her discharge application, Defendant repeated none of the rationales that he had previously offered, as set forth above, in his letters of June 10, 2010, July 30, 2010, October 27, 2010, December 20, 2010, and September 12, 2011. A true and correct copy of this letter, with Ms. McGuire's street address redacted, is attached to this complaint as Exhibit E.

50. Instead, Defendant argued that, pursuant to the version of 34 C.F.R. § 668.7 as published at the time of Ms. McGuire's initial enrollment at UMSL in 1988 and when she obtained her first FFEL Program loan in 1991, UMSL was not required to determine whether she had the ability to benefit from the program for which she received the loans.

51. As a matter of law, and to the extent that it could be interpreted to preclude Ms. McGuire from being eligible for an ability-to-benefit false certification loan discharge, 34 C.F.R. § 668.7 was superseded and nullified by amendments to the HEA, including amendments enacted in

9

1991 and 1992 to 20 U.S.C. §§ 1085, 1087, and 1091 and by the promulgation, pursuant to these amendments of 34 C.F.R. § 682.402(e), as amended, which sets forth the eligibility criteria for an ability-to-benefit false certification loan discharge applicable to the periods of enrollment for which Ms. McGuire received her eight FFEL Program loans.

52.     In denying Ms. McGuire's application for a false certification discharge, Defendant did not impugn the reliability of the evidence she provided to Defendant to corroborate her sworn assertion that she lacked the ability to benefit from the program for which she received the FFEL Program loans, to wit: her high school transcript, which states that her diploma was not granted; and her nine-page academic file at UMSL, which contains no evidence that she was given or passed a properly administered ability to benefit test, that she was offered, completed, or passed a course of developmental or remedial education offered by the school, or that she received the recognized equivalent of a high school diploma (GED) at any time before or after enrollment.

53.     All conditions precedent for this action have been satisfied, including exhaustion by Ms. McGuire of her administrative remedies.

## FIRST CAUSE OF ACTION
### (Violation of the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq.)

54.     Ms. McGuire hereby incorporates by reference Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     Defendant denied Ms. McGuire's application for an ability-to-benefit false certification discharge of her FFEL Program student loans.

56.     For reasons set forth above, Defendant's denial of her application violates the APA because Defendant's action is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with Defendant's responsibilities under the HEA, 20 U.S.C. §§ 1071 et seq.

## SECOND CAUSE OF ACTION
### (Violation of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202)

57.     Ms. McGuire hereby incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Defendant denied Ms. McGuire's application for an ability-to-benefit false certification discharge of her FFEL Program student loans.

59.     For reasons set forth above, Defendant's denial of her application violates the APA because Defendant's action is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with Defendant's responsibilities under the HEA, 20 U.S.C. §§ 1071 et seq., and Ms. McGuire is entitled to a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that Defendant violated Ms. McGuire's rights under the HEA and the APA in denying her application for a student loan discharge.

## RELIEF REQUESTED

WHEREFORE, Ms. McGuire prays for the entry of an order and judgment:

A.     Declaring that Defendant's refusal to grant Ms. McGuire's application for an ability-to-benefit false certification discharge of her FFEL Program student loans was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with Defendant's responsibilities under the HEA, 20 U.S.C. §§ 1071 et seq., in violation of the APA, 5 U.S.C. § 702(2)(A);

B.     Enjoining Defendant to:

    a.     Discharge Ms. McGuire's FFEL Program student loans;

    b.     Immediately suspend collection activities on Ms. McGuire's FFEL Program student loans;

  c. Correct adverse credit reports made with respect to Ms. McGuire's FFEL Program student loans by reporting her discharge to all consumer reporting agencies, including credit bureaus, with respect to the loans discharged;

  d. Restore Ms. McGuire's eligibility to receive federal assistance under the HEA;

  e. Repay Ms. McGuire's FFEL Program student loans;

  f. Return to Ms. McGuire all monies paid, including any charges imposed or cost incurred, voluntarily or involuntarily on her FFEL Program loans; and

  g. Grant Ms. McGuire any other relief authorized by 20 U.S.C. § 1087(c) and Defendant's implementing regulations, policies, and procedures;

C. Order Defendant to pay the costs of this action, together with reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §  2412(d)(1)(A), as determined by the Court; and

D. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Offices of Thomas E. Kennedy, III, L.C.

By: */s/ Thomas E. Kennedy, III*
Thomas E. Kennedy, III (MO Bar No. 46617)
906 Olive Street, Ste. 200
St. Louis MO 63101
Telephone: 314-872-9041
Facsimile: 314-872-9043
Email:  tkennedy@tkennedylaw.com

*Attorneys for Plaintiff MAUREEN A. MCGUIRE*